**UNITED STATES of America,**
**Appellee,**

v.

**Sean FARRELL, and Johnny**
**Delarosa, Defendants,**

**Yogeshwar RAMGOOLAM,**
**Defendant–Appellant.**

**No. 00–1253.**

United States Court of Appeals,
Second Circuit.

June 27, 2001.

Mark Henry Pollard, Pollard & Koenig, Brooklyn, NY; Jason H. Sterne, on the brief, for appellant.

Carolyn Porkorny, United States Attorney's Office for the Eastern District of New York, Brooklyn, NY; Loretta E. Lynch, United States Attorney, and Emily Berger, Assistant United States Attorney, on the brief, for appellee.

Present JACOBS, PARKER, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the United States District Court for the Eastern District of New York be, and it hereby is, AFFIRMED.

Yogeshwar Ramgoolam appeals from a judgment of conviction entered on July 20, 2000 in the United States District Court for the Eastern District of New York (Amon, J.), following a jury trial. Ramgoolam was convicted of conspiring to distribute and possession with intent to distribute heroin, in violation of 18 U.S.C. §§ 841 and 846, and was sentenced principally to 97 months in prison. On direct appeal, Ramgoolam argues that his counsel was ineffective within the meaning of the Sixth Amendment because he unwittingly elicited several inculpatory statements from a police detective during cross examination. Finding no prejudice, we affirm.

Ramgoolam worked at an auto body shop in Queens. During the course of four tape-recorded conversations on the night of September 28, 1999, Ramgoolam negotiated the sale of a half-kilogram of heroin for $45,000 to a confidential informant. At one point, Ramgoolam referred to the prospective purchase of "white lady" and "Haitian ." Less than five hours after the confidential informant called Ramgoolam about purchasing heroin, Ramgoolam hand delivered the merchandise to two men he thought were buyers, but who were actually NYPD undercover detectives.

Ramgoolam's defense was entrapment: he maintained that the confidential informant coerced him into executing the heroin deal by claiming to be a federal agent. On the stand, Ramgoolam first maintained that his references to "white lady" and "Haitian" referred to women rather than, as the government claimed, to cocaine and heroin, but he later admitted that he knew the words referred to drugs.

Ramgoolam argues that his counsel erred during cross examination of the police detective who supervised the drug bust operation, by elicited damaging hearsay that would likely have been excluded from the record had counsel moved to strike it. For example, in response to an open-ended question from Ramgoolam's counsel, the detective volunteered that Ramgoolam "dealt in heroin." Defense counsel made no contemporaneous objections to the testimony, and did not raise the issue until days later, at which point the district judge refused to "go through the record and determine what's hearsay."

To prevail on an ineffective assistance of counsel claim, Ramgoolam must show: (1) that his attorney's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for the lawyer's error, the result would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Attorneys are entitled to a strong presumption of competence. *See id.* at 689, 104 S.Ct. 2052.

Because Ramgoolam fails to establish prejudice, we need not evaluate the quality of representation. The evidence against Ramgoolam was overwhelming. First, the four tape-recorded conversations during which Ramgoolam negotiated the sale of heroin presented the jury with ample

grounds for the conspiracy conviction (Ramgoolam was acquitted of actual distribution or possession). Second, Ramgoolam was able to arrange for the delivery of heroin within five hours of the confidential informant's initial request for the drugs, an efficiency that bespeaks readiness, experience and an established service. Third, the district court's finding that Ramgoolam committed perjury during his trial testimony further undercuts Ramgoolam's claim that he was entrapped. There is no reasonable probability that, absent the testimony elicited from the detectives on cross-examination, the result in this case would have been different.